UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LEONARD ALLEN, JR.,

                     Petitioner,

v.                                            **DECISION AND ORDER**
                                                     14-CV-56S

UNITED STATES OF AMERICA,               10-CR-358S

                     Respondent.

## I. INTRODUCTION

Presently before this Court is the Motion of *pro se* Petitioner Leonard Allen, Jr. to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's § 2255 motion is denied.

## II. BACKGROUND

On January 27, 2012, Petitioner appeared before this Court and pled guilty to Count 2 of the Indictment, filed on November 23, 2010, charging a violation of Title 21, United States Code, Section 841(a)(1) (possession with the intent to distribute, and distribution of, heroin). (See Docket No. 5.) The plea agreement signed by Petitioner reflects his understanding that the maximum penalty that could be imposed at sentencing included a twenty-year term of imprisonment and a fine of $1,000,000. (Plea Agreement ¶ 1, Docket No. 26.)

In the plea agreement, Petitioner acknowledged two prior controlled substance offenses: (1) Criminal Sale of Controlled Substance, Third Degree, for which he was convicted on September 10, 1992 in Suffolk County Court, New York and sentenced to three and a half to seven years imprisonment; and (2) Manufacture/Distribution of

Controlled Substance, Second Degree, for which he was convicted on May 4, 2001 in Bergen County Superior Court, New Jersey and sentenced to five years imprisonment. (Id. ¶ 8.) The Petitioner further acknowledged that, due to these prior state controlled substance offenses, he would be considered a "Career Offender" pursuant to U.S.S.G. § 4B1.1(b)(3). (Id.) Pursuant to 21 U.S.C.A. § 851, this Court inquired during the plea colloquy whether Petitioner affirmed or denied these convictions; Petitioner affirmed them. (Transcript of Plea Hearing at 13, Docket No. 37.)

Due to the Career Offender enhancement, Petitioner's guideline sentencing range was significantly increased. The guideline sentencing range set forth in the plea agreement is 151 to 188 months. (Plea Agreement ¶ 11, Docket No. 26.) In his Sentencing Memorandum, Petitioner argued that he should be sentenced at the bottom of that range because the crime to which he pled guilty would have had a guideline sentencing range of only 15 to 21 months if he had not been considered a Career Offender. (Docket No. 29 at 6.)

By entering into the plea agreement Petitioner "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, . . . notwithstanding the manner in which the Court determines the sentence." (Id. ¶ 19.) Petitioner further understood "that by agreeing to not collaterally attack the sentence, [Petitioner] is waiving the right to challenge the sentence in the event that in the future [Petitioner] becomes aware of previously unknown facts or a change in the law which the [Petitioner] believes would justify a decrease in [his] sentence." (Id. ¶ 20.)

Petitioner was sentenced on May 7, 2012 to a term of incarceration of 120 months, supervised release of three years, and no fines. (Docket No. 31.) The incarceration sentence was below the guideline sentencing range set forth in the plea agreement of 151 to 188 months; the term of supervised release was within the range set forth in the plea agreement. (Plea Agreement ¶ 11, Docket No. 26.) Petitioner filed an appeal which was dismissed by the United States Court of Appeals for the Second Circuit on March 8, 2013. (#12-2084.) The instant § 2255 motion was filed by Petitioner on January 23, 2014. (Docket No. 42.) Respondent filed an opposing Affidavit on March 14, 2014. (Docket No. 45.) Petitioner did not submit a reply.

### III. DISCUSSION

**A.    Petitioner's § 2255 Motion**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks

omitted)). Petitioner bears the burden of proving such a fundamental defect. See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)).

Petitioner makes two arguments in his motion. First, Petitioner contends that his attorney failed to provide effective assistance because she did not challenge the prior convictions that formed the basis of his "Career Offender" enhancement. Second, Petitioner contends that this Court did not have jurisdiction over the crimes charged in the indictment.

1. Ineffective Assistance of Counsel

As part of his plea agreement, Petitioner "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the [agreed] sentencing range." (Plea Agreement ¶ 19.) It is by now well established that a knowing and voluntary waiver made as part of a plea agreement is generally enforceable. United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011); United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001). "An enforceable waiver bars claims based on grounds that arose after, as well as before, the [plea] agreement was signed." Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005). Here, Petitioner's sentence for imprisonment fell below the 151 to 188 months agreed guideline range, rendering the waiver enforceable.

"However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002), *cert. denied*, 537 U.S. 1146 (2003). In challenging counsel's effectiveness in

connection with the plea agreement itself, a petitioner is challenging the constitutionality of the process by which he waived his right to collaterally attack the sentence. Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008), *cert. denied*, 555 U.S. 1197 (2009). Specifically, "although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's *advice* about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does." Id. at 138-39 (emphasis in original).

Accordingly, this Court must consider whether Petitioner states "a 'meritorious' claim that 'the waiver was the result of ineffective assistance of counsel.'" Brown v. United States, 637 F. Supp. 2d 212, 217 (S.D.N.Y. 2009) (quoting United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004)). Where, as here, a defendant's conviction has been secured by way of a plea agreement, a defendant asserting an ineffective assistance of counsel claim must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that this deficiency in performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see Strickland v. Washington, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that a trial counsel's conduct falls within the range of reasonable professional assistance and, absent the complete lack of tactical justification, courts will generally not second-guess strategic decisions. United States v. Cohen, 427 F.3d 164, 170-71 (2d Cir. 2005).

Construing his *pro se* arguments liberally, as this Court must, Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. Jan. 26, 1999) (per curiam), Petitioner alleges

5

he entered into the plea negotiations due to his attorney's representation that she would investigate the prior convictions underlying a potential Career Criminal enhancement, and that she failed do so. (Petition at 2 (Petitioner was "convinced by counsel that a plea of guilty was the path of least resistance" and he "followed that advice with an understanding [that] counsel would look into his prior convictions in order to avoid the Career Offender enhancement.  However, once the plea was induced by the agreement[,] counsel conducted no such investigation.").)  Petitioner contends that there are several "sure fire" bases for challenging the prior convictions and, therefore, "[u]ndoubtedly, had counsel conducted the investigation, the prior convictions would not have enhanced [Petitioner's] sentence . . . ." (Id. at 36.)

Even if Petitioner "could establish that this failure was objectively unreasonable, he cannot prove that, but for this failure, the outcome of the case would have been different." See United States v. Bagley, 216 F.3d 1073 (2d Cir. 2000) (table).  As noted below, Petitioner has presented no valid basis on which to exclude the prior convictions and, moreover, Petitioner "could not challenge the validity (as opposed to the fact) of his prior felony conviction[s] because [they] occurred more than five years before the filing of the prior felony information." United States v. Gabriel, 599 F. App'x 407, 408 (2d Cir. 2015) (citing 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.")); see also United States v. Deas, 452 F. App'x 12, 15 (2d Cir. 2011) (noting that 21 U.S.C. § 851(e) "bar[s] a defendant from challenging the validity of any prior conviction used to enhance a sentence under § 851 if that conviction occurred

6

more than five years before the date of the information alleging the conviction"). Nevertheless, this Court addresses each of Petitioner's arguments below.

    a. Alleyne v. United States

Petitioner spends a significant portion of his motion arguing that the ruling in Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), should be retroactively applied here. (Petition at 12-35.) In Alleyne, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence is an element of the crime, not merely a sentencing factor, that must be submitted to the jury and found beyond a reasonable doubt. Id. at 2155. However, "[b]ecause the Sentencing Guidelines are advisory rather than mandatory, see United States v. Booker, 543 U.S. 220 (2005), application of guidelines enhancements that do not increase the statutory maximum or minimum penalty neither implicates nor violates a defendant's Sixth Amendment right to a jury trial." United States v. Holder, No. 2:12-CR-147, 2015 WL 10008140, at *10 (D. Vt. Oct. 1, 2015), report and recommendation adopted, No. 2:12 CR 147-1, 2016 WL 475554 (D. Vt. Feb. 5, 2016). As the Supreme Court explained:

> In holding that facts that increase mandatory minimum sentences must be submitted to the jury, we take care to note what our holding does not entail. Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.

Alleyne, 133 S. Ct. at 2163; see United States v. Singletary, 458 F.3d 72, 80 (2d Cir. 2006) (holding that judicial fact-finding at sentencing is "permissible—indeed, required— under an advisory Guidelines regime"). The statute under which Petitioner pled guilty, 21 U.S.C. § 841(a)(1), provides for an imprisonment term of up to twenty years, and the application of the Career Offender enhancement affected only the guidelines

recommendation within that term, and not the statutory sentencing range. Thus, Alleyne is not applicable because Petitioner did not face a higher mandatory minimum sentence.

Even assuming that Alleyne were applicable to the facts of Petitioner's case, he still could not prevail. The Supreme Court must specifically hold that a newly recognized right applies retroactively to cases on collateral review. Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed. 2d 632 (2001). The Supreme Court did not declare that the Alleyne rule applies retroactively on collateral review, and the Second Circuit has explicitly ruled that Alleyne does not. United States v. Redd, 735 F.3d 88, 92 (2d Cir. 2013).

   b. Moncrieffe v. Holder

Petitioner also argues that, under Moncrieffe v. Holder, 133 S. Ct. 1678, 185 L. Ed. 2d 727 (2013), his prior convictions should not have been allowed to form the basis of a Career Offender enhancement. (Petition at 36.) Moncrieffe involved the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., which "provides that a noncitizen who has been convicted of an 'aggravated felony' may be deported from this country." 133 S. Ct. at 1682. The Supreme Court held that, although Moncreiffe's conviction for possession of a small amount of marijuana was considered a felony under state law, the same conduct would not be considered a felony pursuant to the Controlled Substances Act ("CSA"), and was therefore not an aggravated felony for purposes of the INA. Id. at 1693-94 ("a state statute that criminalizes conduct that the CSA treats as a misdemeanor should [not] be designated an 'aggravated' felony"; thus, "[i]f a noncitizen's conviction for a marijuana distribution offense fails to establish that

the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA").

Moncrieffe is not applicable here. Unlike the INA, the career-offender provisions do not require that a predicate drug offense qualify as a federal felony. Instead, it is sufficient that Petitioner was convicted of "an offense under . . . state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute . . . ." U.S.S.G. § 4B1.2(b). As noted above, Petitioner acknowledged two controlled substance felonies in the plea agreement, each of which was punishable by imprisonment for a term exceeding one year. (Plea Agreement ¶ 8, Docket No. 26.) Petitioner affirmed that acknowledgment during his plea hearing. (Transcript of Plea Hearing at 13, Docket No. 37.) Accordingly, Petitioner's New York and New Jersey convictions each clearly qualify as a "controlled substance offense" under §§ 4B1.1 and 4B1.2, and Moncrieffe does not apply.[1]

c. Padilla v. Kentucky

Finally, relying on Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), Petitioner argues that, had his attorney investigated the prior state convictions, she would have found that the pleas in those cases were improper because it was objectively unreasonable under Strickland for his prior attorneys in the state court proceedings to fail to advise him about the later effect of a guilty plea on the potential sentence (e.g., a career offender enhancement) if he committed future crimes. (Petition at 35-36.)

---

[1] Furthermore, both Alleyne and Moncreiffe were decided subsequent to Petitioner's plea and sentencing and therefore could not have provided a basis for Petitioner's attorney to challenge the prior convictions at the time of the plea negotiations. "The failure of counsel to anticipate, and object on the basis of, such a change in the law does not, of course, constitute 'deficient' performance, held to violate the Sixth Amendment." United States v. Hawkins, 125 F. App'x 364, 366 (2d Cir. 2005).

9

The Padilla case involved an immigrant, Jose Padilla, who pleaded guilty in state court to drug-related offenses.  130 S. Ct. at 1477-78.  His attorney failed to advise him that as a result of that guilty plea, he would likely be deported from the United States. Id. at 1478. Faced with deportation, Padilla challenged his state conviction, alleging ineffective assistance of counsel. Id.  The Supreme Court held that Padilla satisfied the first prong of Strickland—his attorney's performance was objectively unreasonable—and it held for the first time that "counsel must inform her client whether his plea carries a risk of deportation." Id. at 1482-83, 1486.

Padilla is not applicable here.  First, as noted above, Petitioner was barred by statute from challenging the validity of his prior felony convictions because they occurred more than five years prior to the filing of the prior felony information.  See Gabriel, 599 F. App'x at 408.  Second, as noted by the Seventh Circuit, this is a particularly absurd argument:

> Using Padilla as a springboard, we would be forced to hold that counsel has a constitutional duty to advise the client as to how he might best continue his criminal activity while minimizing his risk of future punishment.  This would not only represent unattractive public policy, it finds no support in precedent.  The Supreme Court created a rule in Padilla specific to the risk of deportation, and we see no justification for extending that to the realm of future criminal sentence enhancements.

United States v. Reeves, 695 F.3d 637, 640 (7th Cir. 2012).

Accordingly, because there was no basis on which Petitioner's counsel could have challenged the prior convictions and their application to his status as a Career Offender under the Sentencing Guidelines, his ineffective assistance of counsel argument has no merit.

  2. Jurisdiction of the Federal Court

Citing National Federation of Independent Business v. Sebelius, 132 S. Ct. 2566, 183 L. Ed. 2d 450 (2012), Petitioner questions whether this Court had the jurisdiction to hear a controlled substance prosecution where the entirety of the offense took place intrastate. (Petition at 37.) The statute under which petitioner was convicted, 21 U.S.C. § 841, is part of the Controlled Substances Act ("CSA"), and was duly enacted. "Moreover, the constitutionality of the CSA is not open to serious debate." Martinez v. United States, No. 05 CR. 773 NRB, 2010 WL 4840085, at *4-5 (S.D.N.Y. Nov. 12, 2010). The Supreme Court has upheld the constitutionality of the CSA against a Commerce Clause challenge, even where the CSA was applied to purely intrastate cultivation and use. Gonzales v. Raich, 545 U.S. 1, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005); see also United States v. Parkes, 497 F.3d 220, 229 (2d Cir. 2007) ("Raich . . . validated congressional findings (in the CSA) that all drug dealing—even if purely intrastate—affects interstate commerce."). Likewise, the Second Circuit has unequivocally held that various sections of the CSA are constitutional, including § 841, the section under which Petitioner was convicted. See United States v. Walker, 142 F.3d 103, 111 (2d Cir. 1998) (upholding the constitutionality of 21 U.S.C. § 841(a)(1) and § 848(e)(1)(A)). Because there was a jurisdictional basis for Petitioner's prosecution and conviction, this argument must also be rejected.

**B.     Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert. denied*, 538 U.S. 950 (2003). Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 42) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken in forma pauperis would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close 14-CV-56S.

SO ORDERED.

Dated: April 3, 2016
Buffalo, New York

                                                             /s/William M. Skretny
                                                           WILLIAM M. SKRETNY
                                                     United States District Judge